No. 40,100

T. E. FORSTER doing business as FORSTER MANUFACTURING COMPANY, *Appellant*, v. EVA NEWBY, *Appellee*.

(298 P. 2d 258)

710

Opinion filed June 9, 1956.

*Payne H. Ratner,* of Wichita, argued the cause, and *Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Ray A. Overpeck, Bernard V. Borst, H. K. Greenleaf, Jr.* and *D. Clifford Allison,* all of Wichita, were with him on the briefs for the appellant.

*Chas. Vance,* of Liberal, argued the cause, and *D. B. Lang* and *James W. Wallace,* both of Scott City, and *H. Hobble, Jr.* and *Chester A. Nordling,* both of Liberal, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This was an action on a building contract for the recovery of money and to foreclose a mechanic's lien. Plaintiff has appealed from an order sustaining a demurrer to his amended petition.

The facts, as alleged in the amended petition, appear to be as follows:

On February 3, 1954, plaintiff and defendant entered into a written contract whereby plaintiff was to construct a grain elevator for defendant on land owned by defendant. By its terms plaintiff agreed to furnish all labor, tools, materials, equipment and supplies necessary for the completion of the elevator, and to pay for them promptly. The contract further provided that defendant agreed to pay to plaintiff the total of all invoices plus ten per cent, and that upon completion of the elevator and its acceptance plaintiff was to furnish defendant with a sworn statement that all bills for labor, material, equipment, supplies and services furnished or used in the project were paid, and that there were no outstanding claims which would form the basis of liens.

Construction of the elevator was completed on or about July 17, 1954, and plaintiff fully performed all terms and conditions of the contract. An itemized reconciliation of the entire account was attached to the amended petition, as was a copy of the written contract. The itemized statement showed that invoices were furnished by plaintiff to defendant in the total amount of $47,977.37, and that defendant had paid the sum of $32,798.69, leaving a balance due of $15,178.68, in which amount recovery was sought. It was further alleged that plaintiff's verified lien statement was filed in the time and manner provided by law and which, by reference, was incorporated in the amended petition.

Defendant's demurrer was on the ground the amended petition did not state a cause of action, but from the record before us the basis and reasoning of the trial court in so concluding is not clear.

In support of the trial court's ruling defendant contends that the contract in question is incomplete and does not express the agreement of the parties; that it was procured by fraud; that it should have contained a provision as to just what was to be charged to defendant; that the parties had some kind of an agreement concerning the charges, and that in order to state a cause of action plaintiff must plead that agreement. It is further contended that plaintiff was incompetent, negligent and dishonest in the performance of the work to such an extent that the elevator is practically worthless. It also is argued that the provision of the contract whereby defendant agreed to pay to plaintiff the total of all invoices plus ten per cent does not mean that defendant is liable for payment of ten per cent above labor costs.

In our opinion defendant's contentions are without merit and may not be sustained. The matters urged are properly matters of defense and should be raised by answer rather than by demurrer. We have examined the allegations of the amended petition, together with the exhibits made a part thereof, and have no hesitancy in concluding that such pleading, under the liberal construction to which it is entitled (G. S. 1949, 60-736), states a cause of action.

The order of the trial court sustaining the demurrer was erroneous and is therefore reversed.